UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| IVAN D. FOSTER, | : | |
| Petitioner, | : | Civil No. 09-5029 (RMB) |
| v. | : | |
| CHARLES E. ALBINO, et al., | : | **MEMORANDUM OPINION** |
| Respondents. | : | **AND ORDER** |

It appearing that:

1.  On October 1, 2009, the Clerk received Petitioner's
    application for a writ of habeas corpus, executed pursuant
    to 28 U.S.C. § 2254.  <u>See</u> Docket Entry No. 1.  The Petition
    arrived unaccompanied by Petitioner's filing fee or his <u>in</u>
    <u>forma</u> <u>pauperis</u> application.  After reviewing the Petition,
    the Court finds that it is subject to dismissal, without
    prejudice, for failure to exhaust state court remedies,
    pursuant to 28 U.S.C. § 2254(b).

2.  According to the Petition, Petitioner was convicted and
    sentenced by New Jersey Superior Court, Law Division, on
    June 13, 2008.  <u>See</u> Docket Entry No. 1-2, at 1. In no
    ambiguous terms, Petitioner states that his appeal to the

Superior Court of New Jersey, Appellate Division, is

currently pending.[1]  See id.

3.   The Petition is facially unexhausted.[2]  A state prisoner

applying for a writ of habeas corpus in federal court must

first "exhaust[] the remedies available in the courts of the

State," unless "there is an absence of available State

corrective process[] or . . . circumstances exist that

render such process ineffective. . . ."  28 U.S.C. §

2254(b)(1); Rose v. Lundy, 455 U.S. 509, 515 (1982); Toulson

v. Beyer, 987 F.2d 984, 987 (3d Cir. 1993); Duarte v.

Hershberger, 947 F. Supp. 146 (D.N.J. 1996); see also

Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997),

cert. denied, 532 U.S. 919 (2001) (finding that "Supreme

Court precedent and the AEDPA mandate that prior to

---

[1]   Petitioner asserts that exhaustion of the state court
remedies is futile because Petitioner is still awaiting the index
number of his appeal.  However, Petitioner's disappointment with
the speed of state court proceedings does not excuse Petitioner
from the exhaustion requirement.

[2]
      A pro se habeas petition and any supporting submissions must
be construed liberally and with a measure of tolerance.  See Royce
v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney
General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v.
Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S.
912 (1970).  Nevertheless, a federal district court can dismiss a
habeas corpus petition if it appears from the face of the petition
that the petitioner is not entitled to relief.  See Lonchar v.
Thomas, 517 U.S. 314, 320 (1996); Siers v. Ryan, 773 F.2d 37, 45
(3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989);  see also 28
U.S.C. §§ 2243, 2255.

determining the merits of [a] petition, [a court] must consider whether [petitioner] is required to present [his or her] unexhausted claims to the [state's] courts"). The courts of a state must be afforded an "opportunity to pass upon and correct alleged violations of its prisoners' federal rights." <u>Wilwording v. Swenson</u>, 404 U.S. 249, 250 (1971); <u>Picard v. Connor</u>, 404 U.S. 270, 275 (1971); <u>Evans v. Court of Common Pleas, Del. Cty., Pa.</u>, 959 F.2d 1227, 1230 (3d Cir. 1992), <u>cert</u>. <u>dismissed</u>, 506 U.S. 1089 (1993). Exhaustion is not a jurisdictional requirement; rather, it is designed to allow state courts the first opportunity to pass upon federal constitutional claims, in furtherance of the policies of comity and federalism. <u>See</u> <u>Granberry v. Greer</u>, 481 U.S. 129 (1987); <u>Rose</u>, 455 U.S. at 516-18; <u>Evans</u>, 959 F.2d at 1230; <u>O'Halloran v. Ryan</u>, 835 F.2d 506, 509 (3d Cir. 1987). Exhaustion also has the practical effect of permitting development of a complete factual record in state court, to aid the federal courts in their review. <u>See</u> <u>Rose</u>, 455 U.S. at 519; <u>Castille v. Peoples</u>, 489 U.S. 346, 349 (1989). A petitioner must exhaust state remedies by presenting his federal constitutional claims to each level of the state courts empowered to hear those claims, either on direct appeal or in post-conviction proceedings. <u>See</u> <u>Ross v. Petsock</u>, 868 F.2d 639 (3d Cir. 1989); <u>see</u> <u>also</u>

3

O'Sullivan v. Boerckel, 526 U.S. 838 (1999)("requiring state prisoners [in order to fully exhaust their claims] to file petitions for discretionary review when that review is part of the ordinary appellate review procedure in the State"); 28 U.S.C. § 2254(c) ("An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented").  Once a petitioner's federal claims have been fairly presented to the state's highest court, the exhaustion requirement is satisfied.  See Picard, 404 U.S. at 275; Castille, 489 U.S. at 350.  The petitioner generally bears the burden to prove all facts establishing exhaustion.  See Toulson, 987 F.2d at 987. This means that the claims heard by the state courts must be the "substantial equivalent" of the claims asserted in the federal habeas petition.  See Picard, 404 U.S. at 275. Reliance on the same constitutional provision is not sufficient; the legal theory and factual predicate must also be the same.  See id. at 277.  Where any available procedure remains for the applicant to raise the question presented in the courts of the state, the applicant has not exhausted the available remedies.  See 28 U.S.C. § 2254(c).  Federal courts have consistently adhered to the exhaustion doctrine

"for it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation." Picard v. Connor, 404 U.S. 270, 275 (1971) (citations and internal quotation marks omitted).  Being facially unexhausted, the Petition is subject to dismissal without prejudice to Petitioner's filing of a **timely** § 2254 petition after Petitioner duly exhausts the available state remedies.

4.   The Anti-Terrorism and Effective Death Penalty Act provides that an appeal may not be taken to the court of appeals from a final order in a § 2254 proceeding unless a judge issues a certificate of appealability on the ground that "the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  In Slack v. McDaniel, 529 U.S. 473, 484 (2000), the United States Supreme Court held: "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id.

In light of the fact that the Petitionat hand is facially unexhausted, the Court denies Petitioner a certificate of appealability pursuant to 28 U.S.C. § 2253(c) because jurists of reason would not find it debatable that dismissal of the Petition is correct.  The Court stresses, however, that the dismissal is without prejudice and, if Petitioner is unsatisfied with the outcome of his state proceedings upon complete exhaustion of his state remedies, no statement made in this Memorandum Opinion and Order precludes Petitioner from submitting a timely Section 2254 petition.

IT IS on this **15th** day of **October 2009**,

**ORDERED** that the Petition is **DISMISSED** for failure to exhaust state remedies.  The dismissal is **WITHOUT PREJUDICE** to Petitioner's filing a duly exhausted timely § 2254 application; and it is further

**ORDERED** that the Court denies Petitioner a certificate of appealability pursuant to 28 U.S.C. § 2253(c); and it is finally

**ORDERED** that, within thirty days from the date of entry of this Order, Petitioner shall  submit to the Clerk Petitioner's filing fee of $5.00 or Petitioner's in forma pauperis application; and it is finally

**ORDERED** that the Clerk shall serve copies of this Order and accompanying Opinion upon Petitioner by regular U.S. mail, together with a blank application to proceed in forma pauperis in

6

a habeas matter, and the Clerk shall close the file on this

matter.

s/Renée Marie Bumb
**RENÉE MARIE BUMB**
**United States District Judge**